**Ruth KIMBLER, Administratrix of the Estate of Harry Kimbler, Plaintiff-Appellant,**

v.

**Wilbur J. COHEN, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 18827.

United States Court of Appeals Sixth Circuit.

April 2, 1969.

Ronald W. May, Pikeville, Ky., for appellant.

Moss Noble, Asst. U. S. Atty., Lexington, Ky., for appellee. George I. Cline, U. S. Atty., Lexington, Ky., on the brief.

Before WEICK, Chief Judge, and PHILLIPS and COMBS, Circuit Judges.

COMBS, Circuit Judge.

Harry Kimbler, appellant's intestate, suffered a back injury in March, 1963 while operating a jack-hammer in the course of his employment as a construction worker. He later returned to work and was struck on the head by a piece of flying rock. He did not work after this, complaining of back pain, dizziness, and blackouts upon moderate or heavy exertion.

Kimbler made claim for disability benefits under the Social Security Act, 42 U.S.C. § 416(i). The claim was de-

nied after a hearing; the denial was affirmed by the Appeals Council and by the Secretary. Review was sought in the District Court, and the Secretary's determination was upheld on November 20, 1967. Shortly after this action by the District Court and before Kimbler was informed of it, his attorney was killed in an automobile accident.

While action on the initial application was pending, Kimbler made another claim for disability benefits. This application was approved, the period of disability was established as commencing June 1, 1967, and Kimbler received benefit payments until his death on March 25, 1968. Apparently, he was never aware of the disposition of his first application.

After her husband's death, Mrs. Kimbler, plaintiff-appellant in this action, first learned of the denial of benefits under her husband's initial application. She petitioned the District Court to set aside its previous order or, in the alternative, to remand the case to the Secretary. The District Court declined to remand the case but, in order to permit an appeal to this Court, agreed to set aside its previous order and re-enter it, effective May 8, 1968. This appeal is from the denial of disability benefits to Kimbler for the period between March 3, 1963 and June 1, 1967. Appellant asserts that the Secretary's decision was not supported by substantial evidence and alternatively seeks a remand for the taking of further evidence.

The evidence presented at the hearing on the application in question here showed that Kimbler was a 51 year-old illiterate, barely able to write his name. He had held various jobs during his work-life, all of which required manual labor and little or no skill. After the injuries described above, Kimbler testified that he suffered continuous head pain and dizziness which tended to become more severe if he exerted himself. He also testified that exertion often caused him to blackout.

Dr. Glen R. Powell, Kimbler's family physician was of the opinion that he suffered from post-traumatic epilepsy. He concluded that, due to the epilepsy and post-concussion syndrome, Kimbler was disabled. Dr. Powell advised him not to work. Other doctors were unwilling to conclusively diagnose him as epileptic without talking to persons who had witnessed one of his seizures. There was also evidence that Kimbler suffered from a decreased mobility in his back. However, no doctor, other than Dr. Powell, was willing to say that he was disabled by reason of his physical ailments.

After reviewing the medical evidence and hearing Kimbler's testimony, a vocational expert testified that he was capable of performing light or sedentary work and listed various jobs of this type which existed in the national economy. On the basis of this evidence, the Hearing Examiner concluded that Kimbler was not disabled within the meaning of the Act.

Pending review by the Appeals Council, the Social Security Administration sent Kimbler for further physical and mental examinations. The medical reports submitted on these subsequent examinations were substantially consistent with earlier reports. At least one doctor concurred in Dr. Powell's opinion that Kimbler was disabled. However, tests made during these examinations produced new evidence as to his disability. It was revealed that Kimbler had an I.Q. of 59, placing him on the level of a mental retardate. He was "almost totally devoid of the capacity of abstraction," and had little ability to transform instructions into action. His mental limitations were found to be suggestive of intracranial pathology. He was found capable of pushing and pulling only 37.5 pounds and of lifting only five pounds, although these limits were below his actual physical capabilities because of professed pain. The conclusion of one doctor was that although Kimbler's "physical limitation [was] minimal, [he] would probably have difficulty in learning any new skills because of his apparent mental limitations."

The Appeals Council reviewed the evidence, including that pertaining to the subsequent examinations, and affirmed the denial of benefits.

We are of the opinion that this case should be remanded to the Secretary for reconsideration and the taking of further evidence. The reasons for this remand are two-fold: first, the cause of Kimbler's death is not apparent from this record and this information may have a bearing on the existence of the disability claimed in the application; and, second, we are unwilling to accept as conclusive the vocational expert's opinion that Kimbler was not disabled since it was rendered without benefit of the evidence adduced during the subsequent mental and physical examinations.

On remand, the vocational expert should be recalled. This Court held in Whitt v. Gardner, 389 F.2d 906 (1968), that the testimony of a vocational expert, under the circumstances there existing, was substantial evidence supporting the denial of benefits. That rule obviously would not apply here where the expert testified without knowledge of subsequent tests showing Kimbler to be a mental retardate, with little capacity to follow simple instructions, learn new skills, or lift much weight.

In conclusion, we observe that, on this record, we have grave doubt whether there is substantial evidence to support the denial of benefits. It is difficult for us to believe that a 51 year-old illiterate, with an I.Q. of 59, subject to epileptic seizures, and with Kimbler's admitted physical disabilities, could hold a job in our competitive economy even if he were fortunate enough to obtain one. Physical disabilities which would have little effect on the earning power of a professional man may on the other hand make it impossible for a mental retardate to earn a livelihood. But, we do not reverse on the lack of substantial evidence. It is more appropriate, we think, that the evidence be fully developed as suggested above.

Reversed and remanded for further proceedings consistent with this opinion.